UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD GYUKERI,
        Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,
        Defendant.

CIVIL ACTION NO. 21-11664-PBS

## ORDER

**SARIS, D.J.**

1. Plaintiff Richard Gyukeri's ("Gyukeri") motion for leave to proceed *in forma pauperis* (ECF No. 12) is <u>ALLOWED</u>. Gyukeri's earlier motion to proceed *in forma pauperis* (EFC No. 2) is <u>DENIED</u> as <u>MOOT</u>. Because Gyukeri is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); <u>Neitzke v. Williams</u>, 490 U.S. at 325; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001). In conducting this review, the Court liberally construes Gyukeri's complaint because he is proceeding *pro se*. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Instituto de Educacion Universal Corp. v. U.S. Dept. of Education</u>, 209 F.3d 18, 23 (1st Cir. 2000).

2. Gyukeri shall by **December 10, 2021** file an amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure and cures the below defects or this action will be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . .

claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... [,] 'minimal requirements are not tantamount to nonexistent requirements.' " Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)). Here, Gyukeri's complaint is conclusory, stating that he has been subject to "racial discrimination" in the administration of his Social Security benefits, and that the SSA has "refus[ed] to disperse my funds." Compl., Part III, Statement of Claim. This pleading is insufficient and "it would be unfair to the SSA to have to respond to the . . . Complaint as pled, and to expend public funds in the process." Coates v. Soc. Sec. Admin., CIV.A. 12-11832-GAO, 2012 WL 5508487, at *4 (D. Mass. Nov. 9, 2012).

Accordingly, Gyukeri is provided an opportunity to amend his complaint. An amended complaint must clearly identify the claims and relief he seeks and must provide sufficient factual bases for each of the elements of the claims that he asserts. The claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). He must identify all of the plaintiffs in the caption. Fed. R. Civ. P. 10(a). Because an amended complaint completely supersedes the original complaint, and is a stand-alone document, Gyukeri should repeat in his amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). The amended complaint will be further screened pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Gyukeri's Motion for a Speedy Trial (ECF No. 7) is construed as a motion to expedite the scheduling of this action and is <u>DENIED</u> without prejudice inasmuch as the Court has ordered that an amended complaint be filed, which will be screened. To the extent that the amended complaint survives screening, a scheduling order will be entered in due course.

4. Failure to comply with this Order will likely result in dismissal of this action. Summonses shall not issue unless further ordered by the Court.

**So Ordered.**

DATE: November 12, 2021             ___/s/ Patti B. Saris_____
                                    **UNITED STATES DISTRICT JUDGE**